PITTMAN, Judge,
dissenting.
In my view, “further consideration” of whether the trial court’s judgment determining that Donald Mclnish was totally and permanently disabled as a consequence of his neck and shoulder conditions was correctly entered is essentially foreclosed by the Alabama Supreme Court’s judgment of reversal in Ex parte McInish, 47 So.3d 767 (Ala.2008). Had the Supreme Court been of the opinion that this court’s reversal of the trial court’s judgment as to causation in KGS Steel v. McInish, 47 So.3d 749 (Ala. Civ.App. 2006), was proper, notwithstanding any misstatements of law contained in the main opinion in KGS Steel, based upon the evidence appearing in the record — evidence that was of course before the Supreme Court following the transmission of the appellate record to the Supreme Court upon its grant of Mclnish’s certiorari petition — that court would have either affirmed the judgment of this court on another rationale, such as that stated in then Judge Murdock’s special writing, or would have quashed the writ as improvidently granted. I believe that “further consideration” of the evidence may not properly admit the possibility that this court acted correctly in reversing the trial court’s judgment as to the issue considered in KGS Steel — namely, causation. Because I would affirm the trial court’s judgment as to its causation determination, I respectfully dissent.